**Edward L. GOOCH, Plaintiff,**

**v.**

**James HIXON**
**and**
**Thomas Scott, Defendants.**

**Civ. A. No. 5767.**

United States District Court
S. D. Ohio, W. D.

Dec. 8, 1964.

David N. Gorman, Cincinnati, Ohio, for petitioner.

Wm. C. Baird, Wm. B. Saxbe, Atty. Gen., Asst. Attys. Gen., of Ohio, Columbus, Ohio, for respondent.

JOHN W. PECK, District Judge.

Petitioner seeks a writ of habeas corpus. He alleges in his petition and stipulations submitted at hearing thereon establish that he was arrested and confined by the defendant Hixon (Sheriff of Butler County, Ohio) in July, 1964, and that he has been held in the Butler County, Ohio, jail since that time; that shortly after said arrest and confinement, defendant Scott (an officer of the Commission of Probation and Parole of the State of Ohio) filed a "holder" on petitioner, who had been paroled by the Commission following conviction under an earlier and entirely separate charge.

Subsequently, defendant was named in two indictments returned by the grand jury of Butler County, Ohio, and on October 27, 1964, petitioner was arraigned in the Common Pleas Court of Butler County, Ohio, and entered pleas of not guilty to each charge. Bond has been set in connection with the charges of those indictments, but tender of such bond on behalf of petitioner was refused by the Clerk of Courts on the ground that petitioner could not be released on bond because defendant Hixon intended to honor the "holder" filed by defendant Scott. At hearing counsel for the respondents agreed with the petitioner's position that whether or not the Clerk of Courts had the right to refuse to accept such bond, the question of the legal-ity of petitioner's restraint under the "holder" is properly before the Court.

Counsel for the plaintiff and for the defendants agree that the present situation is controlled by Section 2965.21, Revised Code of Ohio. That section provides that when and if certain actions and determinations have been taken and made by a parole officer a convict who has been conditionally pardoned or a prisoner who has been paroled may be declared a violator.* The section then goes on to provide for the future status of a parolee in each of three alternative situations. The first arises when he is declared not to be a violator of his pardon or parole, the second when he is declared to be such a violator, and the third is the situation which is created when the Pardon and Parole Commission "fails to make a determination of the case of the parolee alleged to be a violator of the conditions of his pardon or parole *within a reasonable time * * *.*" (O.R.C. § 2965.21; emphasis supplied.) The section then provides that in the third situation the parolee "shall be released from custody under the same terms and conditions of his original pardon and parole."

It is petitioner's position that in the present situation the Pardon and Parole Commission has not acted within a reasonable time, that he therefore falls within the third category above reviewed, and that he is accordingly entitled as a matter of law to be released from custody under terms and conditions identical to those of his original parole. This appears to be a case of first impression, neither the research of counsel nor our own having disclosed any decision interpreting this phase of the statute in question. However, the underlying intent of the legislature is clear. The three situations reviewed above in which the parolee is found to be a violator, not to be a violator or where neither determination is made within a reasonable time are set forth not only in separate sentences, but

---

* A stipulation agreed to by counsel at the hearing on the petition clearly establishes that most if not all of the prescribed steps and determinations had not been taken and made. However, in view of the conclusion hereinafter reached, it becomes unnecessary to consider that phase of the stipulation.

in separate paragraphs of the statute. The present circumstances place the question here presented squarely within the third category, leaving for present determination only what constitutes a "reasonable time" as that phrase is therein used.

In the absence of helpful precedent, it is here concluded that the passage of four months without a determination having been made by the Pardon and Parole Commission is unreasonable and that petitioner is therefore entitled to be released from custody under the same terms and conditions of his original parole. On behalf of the Commission it was argued that in such situations, rather than make an affirmative determination which would result in the parolee's return to a state institution it gives him a "break" by indulging his presumption of innocence and refraining from determination until disposition of the new charges. While this may well be true, one enduring incarceration may find little solace in such presumption of his innocence.